BANFIELD v. RUMSEY, appellant.

*Consideration — promise to marry sufficient — Estoppel — stipulation to refer claim against estate.*

An agreement to marry, which was afterward performed, *held* to be a good consideration for a promissory note made by the intended husband and transferred to the intended wife, there being no disability in either party to marry. *Held*, also, that the presumption was that the parties were capable of making the contract of marriage.

Banfield v. Rumsey.

Upon the reference of a claim against an estate by stipulation under the statute, *held*, that no proof was necessary that the testator left a will or that defendant was executor, and he was estopped from denying those facts by making the stipulation to refer.

APPEAL from a judgment in favor of plaintiff upon the finding of a referee appointed by the surrogate of Chemung county upon a stipulation pursuant to statute, upon a claim presented against the estate of defendant's testator.

The claim was made upon three promissory notes by John Banfield against Jackson Rumsey, as executor of the last will and testament of Joshua L. Rumsey, deceased. The necessary facts sufficiently appear in the opinion.

*King & Montgomery*, for appellant. The notes were void (1), as founded on no valid consideration, (2) as a contract against public policy, (3) on account of relationship of maker and payee. *Gould* v. *Gould*, 29 How. 441; *Whitaker* v. *Whitaker*, 52 N. Y. 368; *Perkins* v. *Perkins*, 62 Barb. 531–535–539; *Tisdale* v. *Jones*, 38 id. 523. *Longendyke* v. *Longendyke*, 44 id. 366; *Van Arsdale* v. *Dixon*, Hill & Den. 358.

*G. Smith Carman*, for respondent.

JAMES, J. The claim was on three promissory notes made by the testator, payable to Emeline B. Rumsey or bearer, which came to the defendant after maturity. They bear date July 13, 1871, and were delivered to the payee in consideration of her promise to marry the maker.

It was proved that the maker died in the spring of 1872, and on the 17th of June of that year, the plaintiff and defendant signed a stipulation for reference, the latter as the executor of said Joshua L. Rumsey, reciting a claim made by plaintiff against the estate; defendant's doubts of plaintiff's ownership; and asserting that said notes were without consideration; and also asserting that subsequent to the date of said notes, the alleged maker by his last will and testament devised certain real estate of the value of $4,000 to said payee, in consideration of which the said payee had agreed to deliver up said notes to be canceled, and that said notes were in that manner paid, and referring the matter in controversy, between said John Banfield and the said Jackson Rumsey, executor as aforesaid, to Robert Stephens, Esq., to hear and determine.

The stipulation was duly filed, an order of reference entered, and a hearing had before said referee, under said order. The referee found, that on the 13th day of March, 1871, said Joshua L. Rumsey, for a valuable consideration (said consideration being a promise on the part of said Emeline to marry said Joshua, which was performed on the same day), made and delivered to said Emeline the three promissory notes in suit; that said Emeline thereby became the lawful holder and owner of said notes; that thereafter, and after maturity, she duly transferred and delivered said notes to the plaintiff, who became, and now is, the lawful holder and owner thereof; and that neither of said notes have ever been paid, or any part thereof, but they are now due from the estate of said testator.

The marriage contract, between male and female of proper age, and not under disability, is lawful, and affords a sufficient consideration to support an agreement made, or obligation incurred, on the faith of it. There was no disability of either party shown in this case ; and the contract having been performed, the notes were not without consideration. Neither was there any thing to show that the contract or its performance was against public policy, or that the parties were within the prohibited degrees of relationship. Until shown, the presumption of law is in favor of their validity.

If these notes were valid in the hands of the payee, they were equally valid in the hands of the present holder, although he received them after maturity. The possession of the notes was *prima facie* evidence of ownership, and cast upon the defense the burden of overthrowing such presumption. No evidence to that effect, or for that purpose, was offered or given.

It was insisted on the argument that the evidence did not warrant the referee in finding against the defendant as executor, etc., because : 1st, there was no proof that Joshua L. Rumsey ever made a will, or that defendant was named therein as executor ; or 2d, that any will had ever been admitted to probate, or that letters were ever issued to defendant ; or 3d, that defendant ever assumed to act as executor.

It is true there was no proof that Joshua L. Rumsey left a will, or that defendant was the executor of his estate, other than defendant's admissions contained in his written stipulation of reference in this proceeding. It is there admitted that defendant was the executor of the last will and testament of said Joshua ; and not only that, but that in his said will he devised to the payee of said notes

certain land, etc. Hence, that Joshua L. Rumsey had made a will, and that defendant was the executor thereof, was assumed by both parties and acted upon. The defendant was, therefore, estopped. So also the stipulation amounted to an admission of the existence of the matters alleged as not proved, and proof was unnecessary on the hearing under such stipulation. So again these were not inquiries authorized to be submitted under the statute. It is only on the assumption of such facts that a reference is author ized, and then the question of reference is as to the validity of the claim, and not as to the existence of the will, its probate, or the issuing of letters under it.

Judgment should be affirmed, with costs, against the defendant, personally.

*Judgment affirmed.*